**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2011

Lyle W. Cayce
Clerk

No. 11-10144
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EFREN ZUNIGA-MENDOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:10-CR-52-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Efren Zuniga-Mendoza (Zuniga) appeals from the 87-month within-guidelines sentence imposed by the district court following his conviction of illegal reentry.

In reviewing the sentence imposed for reasonableness, this court must first determine whether the district court committed any procedural errors, including, inter alia, "failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If the district court's decision is procedurally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sound, this court will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* A sentence that falls within the applicable guidelines range "is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007) (upholding the application of the presumption of reasonableness to sentences within a properly calculated guidelines range).

Because Zuniga did not sufficiently raise below his argument that the district court failed to explain adequately the sentence imposed, we review for the issue for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Zuniga properly concedes that under plain error review, his procedural reasonableness argument is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009).

Further, we reject Zuniga's argument that *Pepper v. United States*, 131 S. Ct. 1229, 1246-49 (2011), contravenes this court's holding in *Mondragon-Santiago* that a sentence that falls within a guidelines range calculated pursuant to U.S.S.G. § 2L1.2 is entitled to a presumption of reasonableness. *See Mondragon-Santiago*, 564 F.3d at 366-67. Zuniga's policy-based arguments attacking the underpinnings of § 2L1.2 essentially invite this court to engage in impermissible "substantive second-guessing of the sentencing court." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 767 (5th Cir. 2008). He fails to overcome the presumption of reasonableness afforded his sentence. *See Alonzo*, 435 F.3d at 554.

AFFIRMED.